# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 1425 New York Avenue NW <br> Suite 11050 <br> Washington, DC 20530 <br><br> U.S. DEPARTMENT OF <br> HOMELAND SECURITY, <br> 245 Murray Lane SW <br> Washington, DC 20528 <br><br> U.S. CUSTOMS AND <br> BORDER PROTECTION, <br> 1300 Pennsylvania Avenue NW <br> Washington, DC 20229 <br><br> U.S. IMMIGRATION AND CUSTOMS <br> ENFORCEMENT, <br> 500 12th Street SW <br> Washington, DC 20536 <br><br> and <br><br> U.S. CITIZENSHIP AND IMMIGRATION <br> SERVICES, <br> 20 Massachusetts Avenue NW <br> Washington, DC 20529-2120 <br><br> *Defendants*. | Case No. 18-2846 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Justice, the U.S. Department of Homeland Security, the U.S. Customs and Border Protection, the U.S. Immigration and Customs Enforcement, and the U.S. Citizenship and Immigration Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to

educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of the records that American Oversight seeks.

7. Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The DHS Privacy Office (DHSHQ) coordinates FOIA requests for several DHS components, including the Office of the Secretary and Deputy Secretary, the Office of the Executive Secretary, the Office of Intergovernmental Affairs, the Management Directorate, the Office of Policy, the Office of Legislative Affairs, and the Office of Public Affairs. DHS has possession, custody, and control of the records that American Oversight seeks.

8. Defendant U.S. Customs and Border Protection (CBP) is a component of DHS and is also headquartered in Washington, DC. CBP has possession, custody, and control of the records that American Oversight seeks.

9. Defendant U.S. Immigration and Customs Enforcement (ICE) is a component of DHS and is also headquartered in Washington, DC. ICE has possession, custody, and control of the records that American Oversight seeks.

10. Defendant U.S. Citizenship and Immigration Services (CIS) is a component of DHS and is also headquartered in Washington, DC. CIS has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*DOJ Keywords FOIA*

11. On June 20, 2018, American Oversight submitted a FOIA request to Defendant DOJ seeking access to the following records:

   1. All email communications containing the term "American Academy of Pediatrics" OR "AAP."

   2. All email communications that contain any of the words in Column A and any of the terms in Column B:

   | Column A | Column B |
   |---|---|
   | a. Separat* | b. Famil* |
   |  | c. Parent* |
   |  | d. Guardian* |
   |  | e. FMUA |

   3. All email communications that contain any of the words in Column C and any of the terms in Column D:

   | Column C | Column D |
   |---|---|
   | a. ACLU | f. Separat* |
   | b. "zero tolerance" | g. Deter* |
   | c. Asylum | h. Famil* |
   | d. "credible fear" | i. Parent* |
   | e. 1158 | j. Kid* |
   |  | k. Child* |
   |  | l. Mother* |
   |  | m. Father* |
   |  | n. Guardian* |
   |  | o. UAC |
   |  | p. UC |
   |  | q. FMUA |

American Oversight explained in its request that asterisks in keywords were intended to designate the standard use of "wildcards" in the search for responsive records.

4

12. American Oversight requested all responsive records from March 6, 2017 through the date of the search and indicated that DOJ may limit its search to the following custodians: (1) Jeff Sessions (Office of the Attorney General); (2) Peggi Hanrahan (Office of the Attorney General); (3) Matthew Whitaker (Office of the Attorney General); (4) Rachael Tucker (Office of the Attorney General); (5) Jody Hunt (Office of the Attorney General, Office of Legal Policy, and current office, if different); and (6) Beth Williams (Office of Legal Policy).

13. DOJ assigned the request tracking number DOJ-2018-006172.

*DHS Keywords FOIA*

14. On June 20, 2018, American Oversight submitted a FOIA request to Defendants DHS, CBP, ICE and CIS seeking access to the following records:

   1. All email communications containing any of the following terms:

      a. "American Academy of Pediatrics"
      b. AAP
      c. Merkley
      d. "Prosecution initiative"

   2. All email communications that contain any of the words in Column A and any of the terms in Column B:

      | Column A | Column B |
      |---|---|
      | a. Separat* | b. Famil* |
      | | c. Parent* |
      | | d. Guardian* |
      | | e. FMUA |

   3. All email communications that contain any of the words in Column C and any of the terms in Column D:

      | Column C | Column D |
      |---|---|
      | a. ACLU | f. Separat* |
      | b. "zero tolerance" | g. Deter* |
      | c. Asylum | h. Famil* |
      | d. "credible fear" | i. Parent* |
      | e. 1158 | j. Kid* |

|  | k. Child* <br> l. Mother* <br> m. Father* <br> n. Guardian* <br> o. UAC* <br> p. UC* <br> q. FMUA |
|---|---|

American Oversight explained in its request that asterisks in keywords were intended to designate the standard use of "wildcards" in the search for responsive records.

15. With respect to DHSHQ, American Oversight indicated that the search may be limited to the following custodians: (1) former Secretary John Kelly; (2) Secretary Kirstjen Nielsen; (3) Chad Wolf; (4) Christina Bobb; (5) John Mitnick; (6) Michael Dougherty; and (7) Julie Kirchner (USCIS Ombudsman).

16. With respect to ICE, American Oversight indicated that the search may be limited to the following custodians: (1) Thomas Homan; (2) Thomas Blank; (3) John Feere; (4) Greg Archambeault, San Diego Office Field Director; (5) Joseph Greene, San Diego Office Assistant Field Director; (6) Adrian P. Macias, El Paso Office Field Director; and (7) Frances M. Jackson, El Paso Office Assistant Field Director.

17. With respect to CBP, American Oversight indicated that the search may be limited to the following custodians: (1) Kevin McAleenan, Commissioner; (2) Julie Kirchner; (3) Ronald Vitiello, Acting Deputy Commissioner; (4) Carla Provost, Acting Chief, United States Border Patrol; (5) Todd Owen, Executive Assistant Commissioner, Office of Field Operations; (6) Andrew Meehan, Assistant Commissioner for Public Affairs; (8) Pete Flores, San Diego Field Director; and (9) Hector A. Mancha, Jr., El Paso Field Director.

18. With respect to USCIS, American Oversight indicated that the search may be limited to L. Francis Cissna and Jennifer P. Higgins, Associate Director, Refugee, Asylum and International Operations.

19. American Oversight requested all responsive records from March 6, 2017, through the date of the search.

20. DHSHQ assigned the request tracking number 2018-HQFO-01112.

21. CBP assigned the request tracking number CBP-2018-065314.

22. ICE assigned the request tracking number 2018-ICFO-50812.

23. CIS assigned the request tracking number NRC2018098003.

*DHS Jeff Sessions FOIA*

24. On June 20, 2018, American Oversight submitted a FOIA request to Defendant CBP seeking access to the following records:

> 1. Any guidance or memoranda about Attorney General Sessions's immigration enforcement memoranda in April 2017 and April 2018[1] that were sent to (a) ICE, CBP, or Border Patrol leadership; (b) supervisors of field officers; (c) the National ICE Council; or (d) the National Border Patrol Council.
>
> 2. Any email chains to which any guidance or memoranda responsive to Item 1 are attached.

American Oversight requested all responsive records from March 11, 2017, through the date of the search. American Oversight further indicated that the search may be limited to the following custodians: (1) Pete Flores, Director of Field Operations, San Diego; (2) Director of Field Operations, Houston; (3) Director of Field Operations, Laredo; (4) Director of Field Operations, El Paso; (5) Director of Field Operations, Tucson; (6) Robert L. Boatright, Chief Patrol Agent,

---

[1] A copy of the April 2017 memorandum is attached hereto as Exhibit A. A copy of the April 2018 memorandum is attached hereto as Exhibit B.

7

Big Bend Sector, USBP; (7) Rush Carter, Border Community Liaison, Big Bend Sector, USBP; (8) Felix Chavez, Chief Patrol Agent, Del Rio Sector, USBP; (9) David Vera, Border Community Liaison, Del Rio Sector, USBP; (10) Gloria I. Chavez, Chief Patrol Agent, El Centro Sector, USBP; (11) Rodney S. Scott, Chief Patrol Agent (Fmr.), El Centro Sector, USBP; (12) Joyce Golosino, Border Community Liaison, El Centro Sector, USBP; (13) Aaron A. Hull, Chief Patrol Agent, El Paso Sector, USBP; (14) Jose Romero, Border Community Liaison, El Paso Sector, USBP; (15) Mario Martinez, Chief Patrol Agent, Laredo Sector, USBP; (16) Peter Ayala, Border Community Liaison, Laredo Sector, USBP; (17) Manuel Padilla, Jr., Chief Patrol Agent, Rio Grande Valley Sector, USBP; (18) Charles L. Miller, Border Community Liaison, Rio Grande Valley Sector, USBP; (19) Rodney S. Scott, Chief Patrol Agent, San Diego Sector, USBP; (20) Richard A. Barlow, Chief Patrol Agent (Fmr.), San Diego Sector, USBP; (21) Michael J. Scappechio, Border Community Liaison, San Diego Sector, USBP; (22) Michael Harris, Border Community Liaison (Fmr.), San Diego Sector, USBP; (23) Rodolfo Karisch, Chief Patrol Agent, Tucson Sector, USBP; (24) Steve Passement, Border Community Liaison, Tucson Sector, USBP; (25) Anthony J. Porvaznik, Chief Patrol Agent, Yuma Sector, USBP; and (26) Mark W. Edwards, Border Community Liaison, Yuma Sector, USBP.

25. CBP assigned the request tracking number CBP-2018-065310.

*Exhaustion of Administrative Remedies*

26. As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of any determination regarding the requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

27. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

28. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. American Oversight properly requested records within the possession, custody, and control of Defendants.

30. Defendants are departments of the executive branch of the U.S. government and an agency and components thereof subject to FOIA and must therefore make reasonable efforts to search for requested records.

31. Defendants have failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

32. Defendants' failure to conduct adequate searches for responsive records violates FOIA.

33. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

34. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35. American Oversight properly requested records within the possession, custody, and control of Defendants.

36. Defendants are departments of the executive branch of the U.S. government and an agency and components thereof subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

37. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

38. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

39. Defendants' failure to provide all non-exempt responsive records violates FOIA.

40. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive

to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: December 4, 2018

Respectfully submitted,

*/s/ Joseph F. Yenouskas*
Joseph F. Yenouskas (D.C. Bar No. 414539)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4143
JYenouskas@goodwinlaw.com

*/s/ Glenn S. Kerner*
Glenn S. Kerner (*pro hac vice* pending)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
GKerner@goodwinlaw.com

*/s/ Austin R. Evers*
Austin R. Evers (D.C. Bar No. 1006999)
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
austin.evers@americanoversight.org

*Counsel for Plaintiff American Oversight*